UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Van Williamson, | Case No. 23-cv-2165 (ECT/DLM) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| B. Eischen, Warden FPC Duluth, | |
| Respondent. | |

This matter is before the Court on Petitioner Van Williamson's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1.) In his Petition, Mr. Williamson challenges the Federal Bureau of Prison's ("BOP") calculation of his First Step Act Credits ("FTCs") toward his transfer to pre-release custody. (*Id.* at 1.) He insists that if were to prevail, his challenge would lead "to an early transition to residential reentry center/home confinement." (*Id.* at 1, 4.) Mr. Williamson's Petition comes before this Court for review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts,[1] and has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local

---

[1] Mr. Williamson does not bring his habeas petition pursuant to 28 U.S.C. § 2254. Even so, the Court may apply the Rules Governing Section 2254 Cases to his Petition. *See* Rule 1(b).

1

Rule 72.1. For the reasons stated below, the Court recommends that Mr. Williamson's Petition be denied, and this action be dismissed without prejudice.

## BACKGROUND

**Procedural background.**

Mr. Williamson was sentenced on March 12, 2020, to a 96–month term of imprisonment, followed by a four-year term of supervision, for Conspiracy to Possess with Intent to Distribute a Mixture of Substances Containing 100 Grams or More of Heroin, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. (Docs. 7 ¶ 3; 7-1 at 2.) He is eligible to earn FTCs under 18 U.S.C. §3632(d). (Doc. 7 ¶ 4.) At the time he filed this Petition, Mr. Williamson was incarcerated at Federal Prison Camp-Duluth ("FPC-Duluth"). (*Id*. ¶ 3.)

On March 29, 2023, Mr. Williamson initiated an administrative remedy process at FPC-Duluth inquiring about FTCs that he alleged had not yet been applied to his sentence. (Docs. 1 at 2; 1-1 at 1.) The BOP responded that his inquiry could not be resolved at the institutional level. (Docs. 1 at 2; 1-1 at 2.) Mr. Williamson then elevated his inquiry to the BOP North Central Regional Office. (*See* Docs. 1 at 3; 1-1 at 2.) The Regional Director issued a response to Mr. Williamson on May 17, 2023, stating that "[r]ecords indicate you have earned the maximum number of FTCs at 365 plus you have earned 235 credits toward your Residential Reentry Center (RRC) placement/home confinement." (Docs 1 at 3; 1-1 at 2.) But 10 days later, on May 27, 2023, Mr. Williamson received a First Step Act ("FSA") Time Credit Assessment stating that he had only 70 FTCs toward RRC placement/home confinement. (Docs. 1 at 3; 1-1 at 3.)

Mr. Williamson filed his Petition for habeas relief on July 19, 2023, asking the Court to determine what happened to "the missing 165 FTC days," asserting that with the inclusion of those days he could have been transferred to an RRC or home confinement "as early as October 2023."[2] (Doc. 1 at 3.)

Neither the BOP nor Mr. Williamson disputes the number of FTCs he has earned toward early supervised release (that is, accelerated release from custody). Instead, Mr. Williamson focuses his Petition only on the number of credit days he claims he has earned toward early transfer to pre-release custody. To that end, Mr. Williamson asks the Court to "order the BOP to properly add the missing 165 FTC days" to place him in RRC/home confinement earlier. (*Id.* at 4.) Respondent, in his September 5, 2023 response, asserts that Mr. Williamson's Petition is based on "erroneous information [Mr. Williamson] received in an administrative remedy response from the [BOP's] North Central Regional Office." (Doc 6 at 1.) According to Respondent, Mr. Williamson is not entitled to the relief he seeks because the "BOP has correctly calculated the FTCs he has earned at the proper earning rate from the date he arrived at his designated BOP facility." (Doc. 6 at 1.)

While Mr. Williamson's Petition was still pending, he notified the Court that "effective June 5, 2024" the BOP released him to a "halfway house." (Doc. 11 at 1.) The Court has also reviewed publicly accessible BOP records which show that Mr. Williamson

---

[2] Mr. Williamson asserts there are 165 days missing FTCs because 165 is the difference between the 235 credits Mr. Williamson was told he had and the 70 credits listed in his FSA Time Credit Assessment.

3

has been transferred to a residential reentry center in Chicago, Illinois. *See* BOP, *Find an inmate*, https://perma.cc/745C-W4C2 (last accessed July 31, 2024).

**The First Step Act.**

Congress enacted the FSA in 2018, to attempt to reduce the federal prison population while creating mechanisms for maintaining public safety by reducing recidivism risk. Congressional Research Service, The First Step Act of 2018: An Overview, 1 (2019), https://perma.cc/9JDZ-H6JH. Through the FSA, Congress directed the United States Attorney General to develop a risk and needs assessment system to determine the recidivism risk of each incarcerated person, their specific programing needs based on that assessed risk, and their classification according to their minimum, low, medium, or high risk for recidivism. 18 U.S.C. § 3632(a). The BOP uses the assessment system, called Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN") tool, to determine the type of evidence-based recidivism reduction ("EBRR") programming and productive activities ("PA") most appropriate for each incarcerated person. *Id.* § 3632(a)(3), (5), (b); 28 C.F.R §523.41(a)-(b).

Along with determining the most appropriate EBRRs and PAs, Congress also created a system of FTCs and other incentives to encourage participation in EBRRs and PAs. 18 U.S.C. §§ 3632(a)(5), (d); 3621(h)(1)(A); 28 C.F.R. § 523.42(b)(3). Under the FSA, eligible people who successfully complete their assigned EBRRs and PAs "shall earn 10 days of [FTCs] for every 30 days of successful participation in [EBRR] programming or [PAs]." *Id.* § 3632(d)(4)(A)(i). Additionally, a person whom the BOP determines to be at a minimum or low risk of recidivism, who does not increase their risk of recidivism over

4

the course of two consecutive assessments, "shall earn an additional 5 days of [FTCs] for every 30 days of successful participation in [EBRR] programing or [PAs]." *Id.* § 3632(d)(4)(A)(ii).

FTCs "shall be applied toward time in pre-release custody or supervised release." *Id.* §§ 3632(d)(4)(c), 3624(g); 28 C.F.R. § 523.44(b)–(d). Pre-release custody includes either placement at an RRC or home confinement for the number of FTCs earned, *see* 18 U.S.C. § 3624 (g)(2), and time limits on the length of pre-release placement are waived, *see id.* § 3624(g)(1). Under the FSA, if a person's sentence includes a period of supervised release, the BOP may transfer that person to begin their supervised release term up to 12 months before their sentence otherwise ends. *Id.* § 3624(g)(3); 28 C.F.R. § 523.44(d). The former of these concerns the *place* of confinement (prison, RRC, or a residence) while the latter involves the *duration* of confinement (which is reduced through early transfer to supervised release).

## ANALYSIS

Mr. Williamson asserts that he is entitled to earlier transfer to pre-release custody and asks the Court to order the BOP to recalculate his FTCs to allow him earlier transfer to an RRC or home confinement. Respondent counters that Mr. Williamson is not entitled to the relief he seeks because "the BOP has correctly calculated the FTCs [Mr. Williamson] has earned at the proper earning rate from the date he arrived at his designated BOP facility." (Doc. 6 at 1.)

"A district court may grant a writ of habeas corpus only if the petitioner 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Blocher*

5

*v. Eischen*, No. 22-cv-678 (PJS/DTS), 2022 WL 1740649, at *3 (D. Minn. Nov. 3, 2022) (quoting 28 U.S.C. § 2241(c)(3)), *R. & R. adopted*, 2022 WL 17404447 (D. Minn. Dec. 2, 2022). A habeas petitioner such as Mr. Williamson, may challenge only the fact or duration of their confinement. *Spencer v. Haynes*, 774 F.3d 467 (8th Cir. 2014); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). But if a person is not challenging either the fact or the duration of confinement, habeas is not the proper remedy, and the court lacks jurisdiction over the matter. *Johnson v. Birkholz*, No. 21-cv-2017 (PJS/LIB), 2022 WL 3135304, at *1 (D. Minn. Aug. 5, 2022) (citing *Spencer*, 774 F.3d at 469–71; *Kruger*, 77 F.3d at 1073). The question from the start is whether Mr. Williamson has a claim for which habeas relief is available. *Blocher*, 2022 WL 17406549, at *3; *see also Kruger*, 77 F.3d at 1073 ("The [petitioner's] label cannot be controlling.") (citation omitted).

Here, at bottom, Mr. Williamson's only claim is that he ought to have been transferred to pre-release custody sooner. In line with Eighth Circuit precedent, courts in this District have routinely considered pre-release custody—namely, placement at an RRC or on home confinement, *see* 18 U.S.C. § 3624(g)(2)—as a *place* of confinement. *See United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021) (discussing home confinement as a place of confinement); *see also Williams v. Birkholz*, No. 20-cv-2190 (ECT/LIB), 2021 WL 4155614, at *6 (D. Minn. July 19, 2021) ("Being transferred to home confinement is not a 'release' for incarceration."), *R. & R. adopted*, 2021 WL 4155013 (D. Minn. Sept. 13, 2021). And the BOP has exclusive authority to determine the placement of prisoners. *See Garcia v. Eischen*, No. 22-cv-0444 (SRN/BRT), 2022 WL 4084185, at *2 (D. Minn. Aug. 16, 2022) (collecting cases); *Williams*, 2021 WL 4155614, at *3 ("[I]t is the BOP—not the

courts—who decides whether home detention is appropriate.") (internal citation omitted), *R. & R. adopted*, 2021 WL 4155013 (D. Minn. Sept. 13, 2021). While the Second Chance Act of 2007, Pub. Law No. 110-199, 122 Stat. 657, ("SCA"), increased the maximum permitted RRC designation to twelve months, *Hewitt v. Jett*, No. 9-cv-1676 (RHK/RLE), 2010 WL 1417654, at * 2 (D. Minn. Mar. 15, 2010), *R. & R. adopted*, 2010 WL 1416890 (D. Minn. Apr. 6, 2010), nothing in the SCA or the FSA abrogates the BOP's authority to designate the placement of prisoners. *See, e.g.*, *United States v. Kluge*, No. 17-cr-0061 (DWF), 2020 WL 209287, at *2 (D. Minn. Jan. 14, 2020) (explaining that the FSA did not change the statutory language providing that the BOP makes placement determinations).

Mr. Williamson has no constitutional right to be considered for RRC or home confinement placement. *Khdeer v. Paul*, No. 18-cv-2112 (ECT/BRT), 2018 WL 6919637, at *5 (D. Minn. Nov. 29, 2018) (prisoners do not have a "constitutionally protected liberty interest in serving [their] sentence at a particular institution") (citing *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Moorman v. Thalacker*, 83 F.3d 970, 973 (8th Cir. 1996)), *R. & R. adopted*, 2019 WL 79318 (D. Minn. Jan. 2, 2019)); *see also United States v. James*, No. 15-cr-0255 (SRN), 2020 WL 1922568, at *2 (D. Minn. Apr. 21, 2020) ("[I]t is also well-established that prisoners do not have a constitutional right to placement in a particular facility or place of confinement."). Indeed, Mr. Williamson "has no legal right or entitlement to *any* period of RRC placement." *McCarthy v. Fed. Bureau of Prisons*, No. 10-cv-0745 (PJS/SRN), 2010 WL 4320507, at *2 (D. Minn. Sept. 29, 2010) (collecting cases), *R. & R. adopted*, 2010 WL 4312851 (D. Minn. Oct. 22, 2010).

As explained above, the Eighth Circuit views requests for transfer to an RRC as challenges to a prisoner's *place* of confinement. *See Houck*, 2 F.4th at 1085. Since Mr. Williamson's request to be transferred to an RRC challenges only the place of his confinement, not the fact or duration of that confinement, a writ of habeas corpus is not the proper remedy to obtain the relief he seeks. *Kruger*, 77 F.3d at 1072 ("If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy."). His claim, therefore, fails for lack of subject matter jurisdiction.[3] *See Jorgensen v. Birkholz*, No. 20-cv2349 (NEB/DTS), 2021 WL 2935641, at *1 (D. Minn. July 13, 2021) (concluding that court lacks jurisdiction over federal habeas claim requesting transfer to home confinement) (collecting cases).

Finding that Mr. Williamson's Petition fails to state a claim, that even if true, would be cognizable in a federal habeas corpus proceeding, the Court determines that an evidentiary hearing is not necessary. *Edgemon v. Lockhart*, 768 F.2d 252, 255 (8th Cir. 1985).

## RECOMMENDATION

Accordingly, based on all above files, records, and proceedings above, it is **RECOMMENDED** that:

---

[3] Even if this were a cognizable habeas claim, it appears to have been rendered moot because Mr. Williamson has already been transferred to an RRC, *see* BOP, *Find an inmate*, https://perma.cc/745C-W4C2, making it impossible for the Court to grant Mr. Williamson the relief he seeks—earlier transfer to pre-release custody. *Ali v. Baniecke,* No. 6-cv-1586 (JNE/JSM), 2006 WL 2727398, *2 (D. Minn. Sept. 22, 2006) (further citation omitted).

1. Petitioner Van Williamson's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) be **DENIED**; and

2. This matter be **DISMISSED WITHOUT PREJUDICE**.

Date: August 12, 2024

*s/Douglas L. Micko*
DOUGLAS L. MICKO
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy" of the Report and Recommendation.

A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).